# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORI A. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-548-TLW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Lori A. Harris requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 9). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the ALJ incorrectly determined that plaintiff was not disabled. Plaintiff specifically asserts that the ALJ failed to: (1) perform a proper credibility determination; (2) properly consider and weigh the medical source evidence; and (3) properly evaluate plaintiff's severe impairments at steps two and three of the sequential process. (Dkt. # 13 at 2). For the reasons discussed below, this Court REMANDS the decision of the Commissioner.

**Procedural History**

On September 9, 2005, plaintiff filed an application for disability insurance benefits and supplemental security income benefits under Title II of the Social Security Act, 42 U.S.C. §§ 216(i), 223(d), and 1614(a)(3)(A). Plaintiff alleges disability due to second degree burns and depression. (R. 145). After being denied benefits, plaintiff filed a written request for a hearing before an ALJ on October 25, 2009. The ALJ conducted a hearing on May 19, 2010. (R. 18-43). On June 8, 2010, the ALJ issued his decision, denying benefits. (R. 8-17). On July 12, 2010, plaintiff appealed this decision to the Appeals Counsel and submitted supplemental medical evidence to be reviewed. (R. 1-5). Following the decision, the Appeals Council upheld the ALJ's decision and denied plaintiff's request for review on July 12, 2010. (R. 5). The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981. On August 31, 2011, plaintiff timely filed the subject action with this Court. (Dkt. # 2).

**Standard of Review and Social Security Law**

When applying for disability benefits, a plaintiff bears the initial burden of proving that he or she is disabled. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(a). "Disabled" under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A plaintiff is disabled under the Act only if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520;

2

Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750.

The role of the Court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. § 404.1508. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 404.1513(a).

**Background**

Plaintiff was born on August 27, 1962, and was 47 years old at the time of the ALJ's decision on June 8, 2010. (R. 124). She obtained a college degree in business administration, and previously trained in fashion design and banking. (R. 23, 149). Plaintiff's prior work history consists of employment as a waitress and bartender (SVP 3, light exertion) and a car rental agent (SVP 3, sedentary exertion). (R. 38). Plaintiff alleges a disability onset date of July 18, 2008. (R. 105). Plaintiff is not married and has no children. (R. 105-06). In her complaint, plaintiff alleges that she became disabled from depression and second degree burns received while working. (R. 145). According to plaintiff's list of medications, dated May 10, 2010, she is currently prescribed Lexapro, Abilify, and aplenzin, all for depression. (R. 203).

At the May 19, 2010 hearing, plaintiff testified she looked for part time work but was unsuccessful. She felt she could not work full time due to her impairments. (R. 26). She said she does not get out of bed at least three (3) days a week, and "always" cries. Id. Plaintiff helped care for her nieces and nephews with her brother when their mother was in jail. (R. 27). She discussed feeling obligated to her employer and being trapped in a small car on a flooded road. (R. 28). She claimed to have flashbacks of the flooding incident. Id. She claimed to have problems sleeping approximately every other night, saying she heard voices. (R. 29). Plaintiff said she drives once a week, but "slower than normal" because she feels "a hurt on my chest where I got burnt, and it makes me real cautious." (R. 30). She stated she does very little housework, maybe an hour a day, and said she does not socialize. (R. 30-31). She claimed to have trouble focusing and remembering things, but said she has no trouble understanding things. (R. 32). Plaintiff stated she has suicidal thoughts once or twice a week, and this has occurred for about two years. (R. 33). She stated she could sit for approximately two (2) hours at a time, and stand for a half hour

4

before needing to sit. (R. 35). She can stand a "couple of hours," walk a block or two before needing to rest, and can lift "maybe 20 pounds." (R. 36-37).

Plaintiff's medical records range in time from May 2008 to November 2010, and include records from plaintiff's treating physicians, medical testing, and state consultative examinations. (R. 204-19, 220-35, 236-52, 253-59, 260-65, 267-85, 286-303, 304, 305-23, 324-51, 354-83, 384-97, 398-417). Plaintiff received a physical consultative examination from G. Bryant Boyd, M.D., on May 22, 2009. Dr. Boyd found that plaintiff manipulated small objects well, demonstrated good strength, and had a full range of motion. (R. 259). Dr. Boyd's impressions were:

1. States that she can't find work but she can work.
2. Depression.
3. History of high blood pressure and cholesterol.
4. Normal blood pressure today.
5. No evidence of second degree burn to chest or abdomen.
6. Large pelvic mass coming up to approximately six cm above the umbilicus and lying to the left. Patient advised that this mass needs immediate evaluation and I recommended that she see a physician for this right away.

(R. 254). Plaintiff did follow up with Morton Comprehensive Health for the abdominal mass. A CT scan revealed the mass to be uterine fibroids. (R. 303).

Plaintiff received a mental consultative examination on June 26, 2009 from Michael D. Morgan, Psy.D. (R. 267-271). Dr. Morgan noted plaintiff's chief complaint was "I haven't found anything as far as working because of the economy." (R. 267). Plaintiff reported counseling and medication treatment from Family and Children's Services. (R. 267-77). Dr. Morgan found plaintiff did not meet the criteria for a major depressive disorder, bipolar disorder, or an anxiety disorder, but she did meet the criteria for "an adjustment disorder with mixed anxiety and depressed mood." (R. 269). He assessed plaintiff with a current GAF score of 75, and opined her prognosis was "very good." (R. 270).

Janice B. Smith, Ph.D. completed a Psychiatric Review Technique form regarding plaintiff, and found her mental impairments not severe. (R. 272). She rated plaintiff on 12.04-Affective Disorders, and 12.06-Anxiety-Related Disorders. Plaintiff's functional limitation was rated as "none" in activities of daily living, "mild" in maintaining social functioning, "none" in maintaining concentration, persistence, or pace, with no episodes of decompensation. (R. 282). Dr. Smith found no evidence of "paragraph C" criteria. (R. 283).

Records from Jeffrey Cates, D.O. of Family and Children's Services indicate he believed plaintiff suffered from major depression and post-traumatic stress disorder, and assessed her with a GAF score of 50. (R. 343-44). Other records from Family and Children's Services note that plaintiff is improving with medication and counseling. (R. 406, 411, 415).

## Decision of the Administrative Law Judge

Plaintiff alleges her disabling impairments include a second degree burn and depression. (R. 145). In assessing plaintiff's qualifications for disability, the ALJ determined plaintiff was insured for Title II benefits through December 31, 2010. At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 18, 2008. The ALJ found the medically determinable impairments of "depression and post-traumatic stress disorder" at step two. (R. 13). Since plaintiff did not meet her burden of proof at step two of the severity of her impairments, the ALJ determined she was not disabled and the evaluation ended.

## Issues

Plaintiff's allegations of error are as follows:

1. The ALJ failed to perform a proper credibility determination;

2. The ALJ failed to properly consider and weigh the medical source evidence; and

6

3.   The ALJ erred at steps two and three of the sequential evaluation process.

(Dkt. # 13 at 2).

## Discussion

Plaintiff argues that the ALJ failed to perform a proper credibility analysis. The Court agrees. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, [f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quotation and citation omitted). The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." Id. The ALJ can look at objective factors, such as attempts to find relief, use of medications, regular contact with doctors, and daily activities when determining a claimant's credibility. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987).

In the instant case, ample evidence exists in the record to support the ALJ's decision that plaintiff has no severe impairment at step two, but the ALJ failed to link his credibility findings to this evidence, and the Court is not permitted to reweigh the evidence. See Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007); see also Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

The ALJ focused his credibility determination on two things. First, the ALJ focused on plaintiff's statements to consultative examiners G. Bryant Boyd, M.D. and Michael D. Morgan, Psy.D. Plaintiff told these examiners that she was able to work, but simply could not find work. The Court agrees that these statements undermine plaintiff's credibility and ordinarily would be enough to support the ALJ's credibility determination. However, the ALJ did not state what

7

weight he gave to these statements, and the ALJ's second basis for his credibility finding is in error. Specifically, the ALJ noted plaintiff's statement that she had received second degree burns and concluded that this statement impeached plaintiff's credibility because "there was no evidence of a second degree burn on any examination which there would have been if the claimant actually had a second degree burn." (R. 15). The ALJ was incorrect. Plaintiff submitted records from Concentra Medical Centers dated May 25, 2008 to June 9, 2008, documenting the second degree burn she received in connection with job activities at the Radisson Hotel. (R. 220-235). Although these records show plaintiff was released to return to regular duty at work, (R. 220), they do not support the ALJ's credibility inference. In fact, they direct contradict it. More importantly here, the Court is unable to determine what weight the ALJ gave his erroneous belief that plaintiff had been dishonest about her burns.

"The [credibility] determination or decision must contain *specific* reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *1-2 (emphasis added). Thus, the ALJ's credibility finding is insufficient because a portion of the finding lacks support in the record, and the ALJ failed to state what weight he gave to that portion of his credibility finding that is supported by the record.

The ALJ's error leaves the Court with no means of properly evaluating the ALJ's decision, without engaging in *post hoc* rationalization. The Court finds it unnecessary to further analyze plaintiff's additional allegations of error.

**Conclusion**

The decision of the Commissioner finding plaintiff not disabled is REVERSED and REMANDED. The ALJ is directed to clarify his credibility determination consistent with this opinion and, if necessary, modify the remainder of his decision in accordance therewith.

SO ORDERED this 13th day of November, 2012.

T. Lane Wilson
United States Magistrate Judge